UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dolores Vickers, individ. & on behalf of all similarly situated persons<br>605 Tenth (10th) Avenue<br>Prospect Park, PA 19076<br><br>     Plaintiff,<br> v.<br><br>Apothaker & Associates, P.C.<br>520 Fellowship Road, C306<br>Mount Laurel, NJ 08054<br><br>   And<br><br>Portfolio Recovery Associates, LLC<br>140 Corporate Boulevard<br>Norfolk, VA 23502<br><br>     Defendants. | CIVIL ACTION NO:<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

### INTRODUCTION

Plaintiff brings this class action against Defendants to obtain relief for herself and the class she proposes to represent for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

### JURISDICTION & VENUE

1. Plaintiff, Dolores Vickers, brings this action on her own behalf, and as a class action on behalf of a class consisting of all other debtors, together with their heirs and assigns ("the Class"), who have been sued by the within debt recovery company (Defendant, Portfolio) and their counsel (Defendant, Apothaker). Plaintiff and the class

-1-

seek to recover damages caused to the plaintiff and class by defendants' lawsuits on debts otherwise barred by statute.

2.      Plaintiff and Class bring this actions pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, et seq.

3.      This court has original jurisdiction over Plaintiff's and the Class' Federal law claims pursuant to 15 U.S.C. § 1692k(d).

4.      Venue is proper in this District because Defendants' collection demands were here received by Plaintiff.

## PARTIES

5.      Plaintiff, Dolores Vickers, is and was an individual residing at the above captioned address. She is a citizen of Pennsylvania.

6.      Plaintiff is a "consumer" as defined by FDCPA, 15 U.S.C.A. §1692a(3).

7.      Defendant, Apothaker and Associates, P.C., is and was a professional corporation engaged in debt collection activities in the County of Delaware, Commonwealth of Pennsylvania. Defendant is believed incorporated in and maintains a principal place of business in New Jersey. Defendant is believed to be a New Jersey citizen.

8.      Defendant, Portfolio Recovery Associates, LLC, is and was a limited liability company, engaged in debt collection activities in the County of Delaware, Commonwealth of Pennsylvania. Defendant is believed incorporated in and maintains a principal place of business in Virginia, and is located at the above captioned address. Defendant is registered to receive service at National Registered Agents, Inc., 600 N. 2nd Street, Harrisburg, PA, 17101.  Defendant is believed to be a citizen of Virginia.

9.     Each of the Defendants was the agent, servant, and/or employee of their co-Defendants, and in doing the things hereinafter mentioned, was acting in the scope of their authority as such agents, servants and employees, with the permission and consent of their co-Defendants.

10.    Each Defendant is a debt collector as defined by the FDCPA, 15 U.S.C.A. § 1692a(6).

## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a class action under 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of : All persons in the United States of America as to whom, during the one year prior to the filing of this Complaint, Defendants sued on time barred debt, which was not acknowledged by the consumer prior to or after suit, by Portfolio Recovery Associates, LLC, prosecuted by Apothaker & Associates, P.C., arising from the pool of "charged off" debt more fully described below. Excluded from the class are the Defendants' herein, any subsidiary of any of the defendants, any family members of the defendants who have been sued, all employees and directors of defendants or any subsidiary, and their legal representatives, heirs, successors, or assigns of any such excluded person or entity.

12.    The class is so numerous that joinder of all members is impracticable. There are an unknown number of suits that have been instituted, although it could very well be in the hundreds.

13.    Plaintiff's claims are typical of the claims of other members of the class, as Plaintiff, and all other members were injured in exactly the same way – inappropriate institution of a lawsuit based on time-barred debt.

14. Plaintiff will fairly and adequately represent the interests of the class and has retained counsel competent and experienced in class action litigation.

15. Plaintiff has no interest that is contradictory or in conflict with the interests of any other class member.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the harm suffered by individual class members may be relatively small, the burden and expense of individual litigation may make it impossible for the Class members to seek redress for the unlawful conduct alleged.

17. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

18. Common questions of law and fact exist as to all members of the class and predominate over any questions effecting solely individual members of the class.

## **OPERATIVE FACTS**

19. Defendants collect debts using the mail and telephone. Defendants, regularly and in the ordinary course of business, attempt to collect consumer debts alleged to be due.

20. On approximately February 25, 2008, Plaintiff entered into a contract (ending 8406) with Chase Bank, U.S.A., N.A., and therefore incurred a financial obligation primarily for personal, family or household purposes in the approximate amount of $5,181.77. This obligation went into default for allegedly non-payment.

21. The first date of delinquency on the account was August 21, 2008. (Exh. A).

22. Plaintiff received a credit agreement which was signed, containing a choice of law provision stating that the agreement and its terms were governed by the law of the State of Delaware. (Exh. B).

23. The State of Delaware bars debt-collection on accounts three (3) years and older. 10 Del. Code § 8106.

24. This agreement was assigned to Portfolio Recovery Associates, LLC, from Chase Bank N.A., the parent company of Washington Mutual, on September 25, 2009 as part of a pool of charged-off debt purchases. (Exh. C).

25. Defendant Portfolio Recovery Associates, LLC, through their representative, Defendant Apothaker and Associates P.C. filed suit for debt collection in Delaware County on November 1, 2011. (Exh. D).

26. Plaintiff and defendant went to judicial arbitration on July 31, 2012, at which time judgment was entered against the defendants secondary to the debt being barred by the aforesaid statute of limitations. (Exh. E).

27. Defendants did not disclose either to the Plaintiff or other members of the class that the statute of limitations had lapsed based on State of Delaware law, and, instead, brought suit on a debt which was no longer collectable.

28. Defendant knew or should have known that their actions violated the FDCPA.

29. Defendant could have taken steps necessary to bring their collection activity into compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said law.

**I.** C**AUSES OF ACTION**

**COUNT I**
**Fair Debt Collection Practices Act ("FDCPA")**

30. The above paragraphs are incorporated by reference as though fully set forth at length herein.

31. At all times relevant hereto, Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. §1692a(5).

32. A debt collector and its counsel are considered to violate 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692e(10) of the FDCPA if their collection activities are accompanied by actual litigation, or by a threat, either explicit or implicit, of future litigation.

33. A debt collector's filing of lawsuits on debt that appears to be time-barred, without having first determined after reasonable inquiry that the limitations period had been or should have been tolled, constitutes unfair and unconscionable means of collecting debt, and thus violates 15 U.S.C. § 1692f of the FDCPA.

34. Defendants, by their conduct as described above, violated the foregoing provisions of the FDCPA.

35. Plaintiff and members of the Class are entitled to relief available pursuant to 15 U.S.C.A. §1692k(a)(2)(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the Court certify the Class in question under Rule 23, appointing Plaintiff and her counsel to represent the class; and order the following relief against Defendants:

A. Actual and compensatory damages per 15 U.S.C.A. § 1692k(a)(1);

B. Statutory Damages per 15 U.S.C.A. § 1692k(a)(2)(A) and (B);

C. Costs of litigation and reasonable attorney's fees per 15 U.S.C.A. § 1692k(a)(3);

D. Punitive damages; and

E. Such other and further relief as the Court deems proper

                                    **WEISBERG LAW, P.C.**

                                    /s/ Matthew B. Weisberg
                                    MATTHEW B. WEISBERG
                                    Attorney for Plaintiff