UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Dolores Vickers, individ. & on behalf of all similarly situated persons<br>605 Tenth (10th) Avenue<br>Prospect Park, PA 19076<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>Apothaker & Associates, P.C.<br>520 Fellowship Road, C306<br>Mount Laurel, NJ 08054<br><br>　　And<br><br>Portfolio Recovery Associates, LLC<br>140 Corporate Boulevard<br>Norfolk, VA 23502<br><br>　　　　　　　　　　Defendants. | CIV. NO:   2:12-CV-6173-GP<br><br><br><br><br>**JURY TRIAL DEMANDED** |

# FIRST AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

Plaintiff brings this class action against Defendants to obtain relief for herself and the class she proposes to represent for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA"), Pennsylvania's Fair Credit Extension Uniformity Act , 73 P.S. § 2270.1 *et seq*. ("FCEUA"), and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et. seq*. ("UTPCPL").

## JURISDICTION & VENUE

1.　　Plaintiff, Dolores Vickers, brings this action on her own behalf, and as a class action on behalf of a class consisting of certain other debtors, together with their heirs and assigns ("the Class"), who have been sued or were threatened to be sued by the

within debt recovery company (Defendant Portfolio) and their counsel (Defendant Apothaker) for debts for which the statute of limitation for judicial collection had passed. Plaintiff and the class seek to recover damages caused to the plaintiff and class by defendants' lawsuits on debts otherwise barred by statute.

2.      Plaintiff and Class bring this actions pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, et seq., Pennsylvania's Fair Credit Extension Uniformity Act , 73 P.S. § 2270.1 *et seq.* ("FCEUA"), and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et. seq.* ("UTPCPL").

3.      This court has original jurisdiction over Plaintiff's and the Class' Federal law claims pursuant to 15 U.S.C. § 1692k(d). Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4.      Venue is proper in this District because Defendants' collection demands were here received by Plaintiff.

## PARTIES

5.      Plaintiff, Dolores Vickers, is and was an individual residing at the above captioned address. She is a citizen of Pennsylvania.

6.      Plaintiff is a "consumer" as defined by the FDCPA, FCEUA, and UTPCPL.

7.      Defendant, Apothaker and Associates, P.C., is and was a professional corporation engaged in debt collection activities in the County of Delaware, Commonwealth of Pennsylvania. Defendant is believed incorporated in and maintains a principal place of business in New Jersey. Defendant is believed to be a New Jersey citizen.

8.     Defendant, Portfolio Recovery Associates, LLC, is and was a limited liability company, engaged in the purchase of debt and related debt collection activities in the County of Delaware, Commonwealth of Pennsylvania. Defendant is not an original creditor.  Defendant seeks to collect on the debts it has purchased.  It collects on these debts both directly and through entities with which it has standing relationships, such as Defendant Apothaker.  Defendant Portfolio is believed incorporated in and maintains a principal place of business in Virginia, and is located at the above captioned address. Defendant is registered to receive service at National Registered Agents, Inc., 600 N. 2nd Street, Harrisburg, PA, 17101.  Defendant is believed to be a citizen of Virginia.

9.     Defendant Apothaker is exclusively in the business of the judicial collection of debt.  Defendant Portfolio is a primary, if not the exclusive client of Defendant Apothaker, with a long, extensive and mutually beneficial business relationship.  The exact nature of the relationship between Defendants is properly the subject of discovery and cannot be fully known by Plaintiff without discovery.

10.    Each of the Defendants was the agent, servant, and/or employee of their co-Defendants, and in doing the things hereinafter mentioned, was acting in the scope of their authority as such agents, servants and employees, with the permission and consent of their co-Defendants.  Discovery is required to fully appreciate the nature of the relationship between the co-Defendants who might have acted as joint-venturers co-conspirators, or some similarly close relationship in carrying out the wrongdoing alleged herein.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action under 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of : All persons in the United States of America as to whom Defendants Portfolio Recovery Associates, LLC and/or Apothaker & Associates, P.C., on behalf of Portfolio Associates, sued or threatened to sue on a debt that was and/or appeared to be time-barred at the time judicial action was taken or the threat of judicial action was made. Excluded from the class are the Defendants' herein, any subsidiary of any of the defendants, any family members of the defendants who have been sued, all employees and directors of defendants or any subsidiary, and their legal representatives, heirs, successors, or assigns of any such excluded person or entity.

12.     The class is so numerous that joinder of all members is impracticable. There are an unknown number of suits that have been instituted. As with most matters relating to the proofs in this litigation, determination of the elements of Rule 23(a) and (b) will be based on substantial part on the records and data maintained by Defendants.

13.     Plaintiff's claims are typical of the claims of other members of the class, as Plaintiff, and all other members were injured in exactly the same way – inappropriate institution of a lawsuit based on time-barred debt.

14.     Plaintiff will fairly and adequately represent the interests of the class and has retained counsel competent and experienced in class action litigation.

15.     Plaintiff has no interest that is contradictory or in conflict with the interests of any other class member.

16.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the harm suffered by individual class members may be relatively small, the burden and expense of individual litigation may make it impossible for the Class members to seek redress for the unlawful conduct alleged.

17.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

18.     Common questions of law and fact exist as to all members of the class and predominate over any questions effecting solely individual members of the class.

## OPERATIVE FACTS

19.     Defendants collect debts using the mail and telephone. Defendants, regularly and in the ordinary course of business, attempt to collect consumer debts alleged to be due.

20.     The collection of time-barred debts is a wide-spread problem in the debt collection industry, particularly as regards the collection of debt that has been sold to entities that are solely in the business of the collection, as opposed to the issuance, of debt.  These entities buy packages of debt that have defaulted, and for which the initial creditor has been unable to collect upon.  Along with the initial default, the passage of time between the "charging off" of the debt by the original creditor and the purchase of that debt by subsequent holder(s), the passage of time presents real problems for the collectability of these debts.  While these debts are typically purchased for pennies on the dollar, becoming cheaper as the debts become, among other things, older, such discount reflects only the risk of collection, not the collectability of the debts by subsequent holder(s).  Rather, because a majority of debtors will not appear in Court to contest debts that they do not know are time barred, the subsequent holder(s) of such debts easily

-5-

obtain default judgments, or can use the threat of judicial action to obtain either payment or default judgment.

21.     On approximately February 25, 2008, Plaintiff entered into a contract (ending 8406) with Chase Bank, U.S.A., N.A., and therefore incurred a financial obligation primarily for personal, family or household purposes in the approximate amount of $5,181.77. This obligation went into default for allegedly non-payment.

22.     The first date of delinquency on the account was August 21, 2008. (Exh. A).

23.     Plaintiff received a credit agreement which was signed, containing a choice of law provision stating that the agreement and its terms were governed by the law of the State of Delaware. (Exh. B).

24.     Under well established jurisprudence, even without a choice of law provision, the statute of limitations of Delaware relating to the time for the collection of debts, applied to the action filed or threatened to be filed by Defendant Apothaker for and on behalf of Defendant Portfolio or by Defendant Portfolio when seeking to directly collect on a debt it has purchased.

25.     The State of Delaware bars debt-collection on accounts three (3) years and older. 10 Del. Code § 8106.  Statutory tolling does not apply to this provision for the kinds of actions underlying the claims of Plaintiff and the Class.

26.     On an unknown date, this agreement was purchased by and assigned to Defendant Portfolio from Chase Bank N.A., the parent company of Washington Mutual, on September 25, 2009 as part of a pool of charged-off debt purchases. (Exh. C).

27.     Defendant Portfolio through their representative and agent, Defendant Apothaker filed suit for debt collection in Delaware County on November 1, 2011. (Exh. D).

28. On information and belief, Defendant Portfolio screens or should screen debts prior to forwarding debt for judicial collection to Defendant Apothaker. This includes review for debt that is in jurisdictions in which Defendant Apohtaker practices as well as collectability, such as whether a debt is or will shortly be stale and too old to be collected.

29. At the time judicial action was threatened and taken, such collection action was time-barred, a matter of which Defendants were aware. Plaintiff raised this matter to Defendants in advance of the arbitration and again at the arbitration.

30. Notwithstanding this defense, the matter was pressed by Defendant Apothaker for collection to judicial arbitration on July 31, 2012, at which time judgment was entered against the defendants. (Exh. E).

31. Defendants did not disclose to the Plaintiff and did not disclose to the other members of the Class that the statute of limitations had lapsed based on State of Delaware law, and, instead, brought suit or threatened to bring suit on a debt which was no longer collectable.

32. Defendants knew or should have known that their actions violated the FDCPA, FCEUA, and UTPCPL.

33. Defendants could have taken steps necessary to bring their collection activity into compliance with the FDCPA, FCEUA and UTPCPL, but neglected to do so and failed to adequately review their actions to ensure compliance with said law.

## CAUSES OF ACTION

### COUNT I – National Class Members
### Fair Debt Collection Practices Act ("FDCPA")

34. The above paragraphs are incorporated by reference as though fully set forth at length herein.

35. At all times relevant hereto, Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. §1692a(5).

36. A debt collector and its counsel are considered to violate 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692e(10) of the FDCPA if their collection activities are accompanied by actual litigation, or by a threat, either explicit or implicit, of future litigation.

37. A debt collector's filing of lawsuits on debt that appears to be or is time-barred, without having first determined after reasonable inquiry that the limitations period had been or should have been tolled, constitutes unfair and unconscionable means of collecting debt, and thus violates 15 U.S.C. § 1692f of the FDCPA.

38. Defendants, by their conduct as described above, violated the foregoing provisions of the FDCPA.

39. Plaintiff and members of the Class are entitled to relief available pursuant to 15 U.S.C.A. §1692k(a)(2)(B).

### COUNT II – Pennsylvania Class Members
### Fair Credit Extension Uniformity Act ("FCEUA")

40. The above paragraphs are incorporated by reference as though fully set forth at length herein.

41. The FCEUA declares that any violation of the FDCPA is also a violation of the FCEUA.

42. The FCEUA also provides for the liability of creditors, as defined by 72 P.S. § 2270.3. Like a debt collector, a creditor is held to violate the FCEUA by threatening to

collect on a debt that appears to be or is time-barred, without first having determined after reasonable inquiry that the limitations period had or should have been tolled.  Such actions violate 72 P.S. §§ 2270.4(b)(2), (4), (5) and (6).

43. Plaintiff and members of the Class are entitled to relief pursuant to the FCEUA.

<strong>COUNT III – Pennsylvania Class Members<br>Unfair Trade Practices and Consumer Protection Law ("UTPCPL")</strong>

44. The above paragraphs are incorporated by reference as though fully set forth at length herein.

45. Pursuant to 72 P.S. §§ 2270.4(a), a violation of the FCEUA constitutes a violation of the UTPCPL.

46. Additionally, conduct of Defendants as described above each constituted an "unfair or deceptive practice" within the meaning of the UTPCPL, in that, among other reasons; Defendants, by act and omission as described herein, deceptively misrepresented the lawful status of the debts set for collection, 73 P.S. § 201-1(4)(xxi).

47. As a result of the above violations of the UTPCPL, Plaintiff the the Classes have suffered ascertainable loss and are entitled to relief.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiffs respectfully pray that the Court certify the Class in question under Rule 23, appointing Plaintiff and her counsel to represent the class; and order the following relief against Defendants:

A. Certification of a Class pursuant to Fed.R.Civ.P. 23(a), (b)(2) and (b)(3);

B. Actual and compensatory damages;

C. Statutory Damages;

D. Costs of litigation and reasonable attorney's fees per the statutory bases of these actions;

E. Punitive damages;

F. Declaration that Defendants acts are illegal and other declaratory relief naturally flowing from this declaration and

G. Such other and further relief as the Court deems proper

Dated: February 22, 2013                                **WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
MATTHEW B. WEISBERG
Attorney for Plaintiff

**SEEGER WEISS, LLP**

/s/ Scott A. George
JONATHAN SHUB
SCOTT ALAN GEORGE
1515 Market Street, Suite 1380
Philadelphia, PA 19102
215-564-2300

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dolores Vickers, individ. & on behalf of all similarly situated persons<br>605 Tenth (10th) Avenue<br>Prospect Park, PA 19076 | : : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIV. NO:   2:12-CV-6173-GP |
| Apothaker & Associates, P.C.<br>520 Fellowship Road, C306<br>Mount Laurel, NJ 08054 | : : : : | |
| And | : : | |
| Portfolio Recovery Associates, LLC<br>140 Corporate Boulevard<br>Norfolk, VA 23502 | : : : : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 22nd day of February, 2013, a true and correct copy of the foregoing First Amended Class Action Complaint was served via ECF upon the following parties:

Andrew M. Schwartz, Esq.
Jacob U. Ginsburg, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market St., Suite 2300
Philadelphia, PA 19103

Donald S. Maurice, Jr., Esq.
Thomas R. Dominczyk, Esq.
Maurice & Needleman, P.C.
5 Walter E. Foran Blvd.
Suite 2007
Flemington, NJ 08822

          **WEISBERG LAW, P.C.**

          /s/ Matthew B. Weisberg
          MATTHEW B. WEISBERG
          Attorney for Plaintiff