IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLORES VICKERS,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**APOTHAKER & ASSOCIATES, P.C.,** **and PORTFOLIO RECOVERY ASSOCIATES.**<br><br>　　　　　Defendant. | **Civil Action No.**<br><br>**2:12-cv-06173-GP** |

**DEFENDANT, APOTHAKER & ASSOCIATES, P.C.'S BRIEF IN SUPPORT OF ITS POSITION THAT CHASE BANK, N.A.'S CAUSE OF ACTION AGAINST PLAINTIFF, DOLORES VICKERS, ACCRUED IN PENNSYLVANIA**

I.   INTRODUCTION

Pursuant to this Honorable Court's order of July 9, 2013, Defendant, Apothaker & Associates, P.C. ("Apothaker"), will discuss where the underlying cause of action by Chase Bank, N.A. ("Chase"), against Plaintiff, Dolores Vickers ("Plaintiff"), accrued. As explained more fully below, Chase's claim against Plaintiff accrued solely in Pennsylvania, as it is the state with the most significant relationship to the underlying matter, and therefore, Pennsylvania's four year statute of limitations applies. In the alternative, should the Court be inclined to follow Hamid v. Stock & Grimes, LLP, 2001 U.S. Dist. LEXIS 96245 (E.D. Pa. 2011), the cause of action accrued in Texas, where Hamid indicates Chase sustained injury and which also has a four year statute of limitations. In either case, dismissal is warranted.

II.   **LEGAL ARGUMENT**

    A. **Under Delaware's "Most Significant Relationship" Test, Chase's Cause of Action Accrued in Pennsylvania, and therefore, Pennsylvania's Four Year Statute of Limitations Applies and Dismissal is Warranted.**

Pursuant to Delaware choice of law rules for contract actions, a cause of action for breach of contract arises at the place of "the most significant relationship to the transaction." McIntosh v. Arabian American Oil Co., 633 F. Supp. 942, 945 (D.Del. 1986), *quoting* Oliver B. Cannon & Son, Inc. v. Dorr-Oliver, Inc., 394 A.2d 1160, 1166 (Del. 1978); and Travelers Indemnity Co. v. Lake, 594 A.2d 38, 41 (Del. 1991) (stating, "Delaware courts apply the modern "most significant relationship" test to resolve conflict issues arising out of the interpretation and validity of contracts.").  To determine the location that has the most significant relationship to the transaction, Delaware courts look to the Restatement (Second) Conflict of Laws § 188 for guidance.  *See* McIntosh, 633 F. Supp. at 945; GTE Mobilnet Inc. v. Nehalem Cellular, Inc., 144 Del. Ch. LEXIS 30, *8-*9 (Mar. 17, 1994); and Cochran v. A.J. Fence Builders, 2001 Del. C.P. LEXIS 20,*3-*4 (May 31, 2001).  Specifically, courts will look to: (1) place of contracting; (2) place of contract negotiation; (3) place of performance; (4) location of subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. McIntosh, 633 F. Supp. at 945.

Admittedly, § 188 of the Restatement Second applies to contract matters in the absence of an effective choice of law provision, and the contract in question states that the terms are to be governed under Delaware law.

However, this choice of law provision pertains to substantive matters, while the instant analysis relating to the statute of limitations is procedural in nature. See Aamco Transmissions, Inc. v. Harris, 759 F. Supp. 1141, 1143-44 (E.D. Pa. 1991) (stating that Pennsylvania generally treats statute of limitations as procedural); and Boyle v. State Farm. Mut. Auto. Inc., Co., 456 A.2d 156, 162 (Pa. Super. 1983) (distinguishing between the statute of limitations, which is procedural in nature, and the statute of repose, which is substantive in nature).[1] Therefore, the choice of law provision in the contract is not applicable to the instant analysis.

After applying the most significant relationship test, it is clear that as between the relevant states involved in the lawsuit, Pennsylvania has the most significant relationship to the transactions, and therefore, it must be found that Chase's cause of action for breach of contract accrued here. First, there is no argument that Plaintiff is resident of Pennsylvania. Second, the credit card statements indicate that the Chase credit card was registered to Plaintiff's business address in Pennsylvania. Furthermore and most significantly, Pennsylvania is the place of performance and nonperformance of the contract.

---

[1] However, even if this Court were to read the aforementioned clause as an indication that Delaware law governs all aspects of the contract, Pennsylvania still must be seen as the location of the breach. The Restatement (Second) Conflict of Laws § 187 governs the analysis when parties have chosen the law of the state to govern their agreement. Pursuant to this section, the law of the state chosen by the parties governs their contractual rights and duties, unless the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice. In the instant matter and as discussed more fully in the instant brief, Delaware has virtually no relationship to the parties or transaction, while Pennsylvania is the only state with a substantial relationship.

When Plaintiff made payments to Chase or defaulted on the card, she did so from Pennsylvania.  Neither Texas nor Delaware present such significant ties to the transactions in question.

Because Pennsylvania constitutes the place with the most significant relationship to the transactions in question, Chase's cause of action for breach of contract accrued in Pennsylvania.  As such, Pennsylvania's four year statute of limitations for breach of contract claims under 42 Pa. C.S. § 5525 applies and Plaintiff's Amended Complaint should be dismissed.

> B. **Should This Court Be Inclined to Follow *Hamid v. Stock & Grimes, LLP*, Chase 's Cause of Action Accrued in Texas, which Maintains a Four Year Statute of Limitations, and therefore, Dismissal is Still Warranted.**

Should this Court refrain from accepting the above argument and be inclined to follow Hamid v. Stock & Grimes, LLP, 2001 U.S. Dist. LEXIS 96245 (E.D. Pa. 2011), Chase's cause of action accrued in Texas.  The Hamid Court stated that a cause of action arises in the following manner:

> A cause of action arises and the statute of limitations begins to run as determined by the final significant event necessary to make the claim suable . . . . a right of action accrues only when injury is sustained by plaintiff – not when the causes are set in motion which ultimately produce injury as a consequence.

Id. at *5 (internal citations omitted).  Thus, the Hamid Court found that the underlying claim by Discover Bank against plaintiff for defaulting on his credit card accrued in the state where Discover failed to receive payments, i.e., in Delaware where plaintiff was to send payment.  Id. at *5-*6.

In the case at hand, the Chase statements indicate that Plaintiff was to direct payment to Texas. See a copy of the Chase statements, attached as Exhibit "A". Under the Hamid analysis, Chase sustained injury as result of Plaintiff's non-payment in Texas, and therefore, the underlying action accrued in Texas. Like Pennsylvania, Texas maintains a four year statute of limitations for breach of contract. See Tex. Civ. Prac. & Rem. Code § 16.004(a)(3). As the four year statute is applicable, Apothaker's claims against Plaintiff were not time barred, and therefore, Plaintiff's Amended Complaint should be dismissed.

### III.   CONCLUSION

For the reasons discussed above, Apothaker respectfully requests that this Court find that Chase's cause of action accrued in Pennsylvania as it has the most significant relationship to the transactions in question and dismiss Plaintiff's Amended Complaint. Alternatively, Apothaker requests that Plaintiff's Amended Complaint be dismissed on the basis that Chase's claim accrued in Texas, where Chase sustained injury and which maintains a four year statute of limitations for breach of contract.[2]

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN, P.C.**

By:   */s/ Andrew M. Schwartz*
ANDREW M. SCHWARTZ
2000 Market Street, 24th Floor
Philadelphia, PA 19103
215-575-2765 / 215-575-0856 (f)
Amschwartz@mdwcg.com
Attorneys for Defendant, Apothaker &
Associates, P.C.

---

[2] There is no conflict of law as Texas has the same statute of limitations as Pennsylvania.